DANIEL H. FITZHUGH, JR., TRUSTEE UNDER THE WILL OF ELIZABETH P. BIRNEY, DECEASED, v. JOHN J. TOWNSEND, EXECUTOR, AND OTHERS.

*Will—Construction of conditional devise.*

1. A testatrix, after providing for the payment of certain specified legacies, and the maintenance and education of a granddaughter, during her minority, and thereafter the payment to her of the income derived from the residuary estate, during her life-time, devised and bequeathed said estate to the lawful issue of the granddaughter, if any survived her; and if not, then to the brothers and sisters of the testatrix equally, "and to the children of such of them as shall be no longer living, so that the children of each of the deceased shall take the share—to be equally divided among them if there be more than one—to which the deceased parent would have been entitled if living."

At the time of the execution of the will a son of a deceased brother of the testatrix was alive, but he died prior to the death of the granddaughter, leaving a will whereby he bequeathed, as claimed, his prospective and contingent share under his aunt's will. Afterwards the granddaughter died, without issue, and the trustee, under the original will, brings this suit to obtain a construction of the same.

*Held*, that the manifest intent of the testatrix was, that no estate should vest in any one, outside of her granddaughter and her issue, until the event of the granddaughter's death, and that in case she should die without issue, only the *living* brothers and sisters, and the *living* issue of those dead, should inherit.

*Held*, further, that there is no intimation in the will that the testa-
trix meant to give her nephew, or any other person, an estate capa-
ble of alienation, or devise, *before* the death of the granddaughter, but,
on the contrary, its whole tenor seems to be strongly against such a
construction.

2. There is no rule of law that prevents the carrying out of this inten-
tion. There was no vested estate until the death of the grand-
daughter, and no interest passed to the nephew by the terms of the
will, except a *contingent* estate, that perished with him, if he died
before the granddaughter.

3. Granting that such *contingent* estate was devisable, under our statute,
in the same manner as an estate in possession, yet it is equally true
that the nephew could devise no greater estate than he himself held,
and such devise would be defeated and destroyed by the same contin-
gency which would have defeated his interest had he not disposed of
it. The only effect of the statute was to enable the nephew, by his
will or deed, to put another in his place with the same prospective
rights he himself had under his aunt's will.

4. The estate taken by the nephew was a contingent one, liable to be
defeated by the happening of either one of two events, to wit: the
death of the granddaughter, with issue surviving her, or his own
death before that of the granddaughter.

Appeal from Bay. (Green, J.) Decided January 27,
1886.

Bill to construe will. Defendant Townsend alone appeals.
Affirmed.

*Winsor Scofield* and *Benton Hanchet*, for complainant:

It is the clear intention of the will that the property
should go to persons who were *of the family of the testatrix*
and living at time of the granddaughter's death, who was
her only descendant. Being unknown to her, their names
are not specified but their identity was to be determined by
ascertaining who were *her relatives* at the time of such
death.

The testatrix does not devise the estate, or any *power to
dispose of it*, to her granddaughter, the special object of
her bounty, but simply the income derived from it, in order
that she may direct its disposition at the end of her grand-
daughter's life.

She does not give the estate to her next nearest relative—
her granddaughter's children—unless they *shall be living* at

time of their mother's death, and they have no power to dispose of the property vested in them unless alive at that time, although they might be born and live to old age after William Addison Fitzhugh had died.

In case of her granddaughter's death, without living issue, then only such of the brothers and sisters of the testatrix as *shall be then living* are to take under the will, and unless so living they have no power of disposition over the property, hence cannot confer upon any one else, who may be then living, the right to take.

And, finally, the will provides that in case of the death of the granddaughter, without lawful, living issue, and in case any brother or sister of the testatrix shall *then* "be no longer living," then "the children of each of the deceased shall take the share, to be equally divided among them, if there be more than one, to which the deceased parent would have been entitled if living."

The language used in this provision of the will, by force of its most obvious and natural import, conveys the idea that the persons who are to take in the place of the brothers and sisters, who are then dead, are to be persons who shall be living. The only reason why the brother or sister shall not take is because he or she is then dead. Would the testatrix, *acting on that reason*, give the property to another dead person? Would she intend to withhold a share from a brother, because dead, at that date, and give it to a nephew, who was also dead, at the same date? Such is the construction contended for by the appellant.

The will intends that the grandchildren, shall take under it, and no portion of the estate decreed to them would go to the appellant, if it should be held that they are not entitled to take under the will. If the term children, in the twenty-fourth paragraph of the will, is used in its general sense, as meaning offspring or descendants, then the grandchildren would take: *Pronitt v. Rodman*, 37 N. Y. 42, 54–8; *Parkman v. Bowdoin*, 1 Sumn. 359; *Royle v. Hamilton*, 4 Vesey 437; *Duvall v. Goodson*, 79 Ky. 224; *Beebe v. Estabrook*, 79 N. Y. 246–9, 251; *Bowne v. Underhill*, 4 Hun 130; How. Stat. § 5812; 4 Kent Com. 419, and the will shows that such was the meaning attached to the term children. It is plain that the testatrix intended to dispose of her estate, so as to keep it in her own family, until the death of her granddaughter, and to have it at that time go to her own family, and only to her family.

If the nephew had left a child living at the grand-

daughter's death it would have taken as the grandchild of
Samuel Fitzhugh, the deceased brother, the interest which
he would have taken if then living, and that right could not
have been cut off by any will or conveyance of the nephew,
because the right to so take is a right under the will of the
testatrix: *Burger's Appeal*, 100 Penn. St. 239; *Bristol v.
Atwater*, 50 Conn. 402–8. If the nephew could not cut off
his child's right to take, it was because he lacked the power
to convey such interest at all; and if so, he conveyed nothing
to the appellant. His power to convey did not depend upon
whether he left a child living to take his place, but upon
whether *he* was living at death of the granddaughter. How.
Stat. § 5551, does not make the nephew's will effective to
convey any interest to the appellant. It simply enables
him, by his will or deed, to put appellant in his place so that
if the contingency arose by which he would himself have
taken, had no transfer been made, appellant would take in
his stead: *Plant v. Weeks*, 39 Mich. 117.


*C. I. Walker*, for defendants:

In the construction of wills, it is a fundamental rule that
the intention of the testator is to govern, so far as it is not
clearly inconsistent with the provisions of the will itself, or a
settled rule of law, and if the will can be so construed as to
harmonize with such intention, it is to govern: *Toms v.
Williams*, 41 Mich. 565; *Tracy v. Murray*, 49 Mich. 35;
1 Redfield on Wills, 432–4. In general, it is well settled
that the will operates from the death of the testator, and
estates vest at that time unless a different intention clearly
appears: 1 Redfield on Wills, 378, 388; *Rood v. Hovey*,
50 Mich. 400 and cases cited; *Moore v. Lyons*, 25 Wend.
149, 150 and it is the settled rule of this State to favor
vested estates under wills, in preference to contingent ones,
and estates given to devisees go to their heirs unless a differ-
ent purpose is clear: *Toms v. Williams*, 41 Mich. 565;
*Rood v. Hovey*, 50 Mich. 399; *Porter v. Porter*, Ib. 457;
*Moore v. Lyons*, 25 Wend. 144. The law clearly favors a
construction that will prevent the disinheritance of descend-
ants, or heirs, unless the contrary is clearly required by the
express purpose of the testator: *Rood v. Hovey*, 50 Mich.
399, 400; *Rivenett v. Bourquin*, 53 Mich. 10; *Scott v.
Guernsey*, 48 N. Y. 106; In re Estate of Brown, 93 N. Y.
295.

Having reference to these rules, there is no question but
that it was the clear purpose of the testatrix that in case her

granddaughter should die without leaving any issue, the residue of the property—with some trifling exceptions—was to be distributed equally among all her brothers and sisters, if living, and their issue, if dead, the children or grandchildren taking the shares that the parents or grandparents would if still living.

The interest of the nephew, in said residuary estate, was a contingent one, depending upon the granddaughter's dying without issue, but subject to this contingency it was a *vested* interest.

Our statute has with great fullness and minuteness of detail, defined the character of the various estates in land; was adopted in 1846, and copied almost verbatim from the New York statute on that subject. Rev. Stat. 1846, 250; How. Stat. pp. 1440–6; 1 N. Y. Rev. Stat. 1829, p. 721, of 1835 p. 716. Some of these provisions are referred to in detail. Estates, with reference to time of their enjoyment, are divided into those " in possession and expectancy." How. Stat. § 5523. How. Stat. §§ 5524–5, define these estates, and future estates are defined in §§ 5526–7, which are not to be void on the ground of the probability or improbability of the contingency on which they are limited to take effect. § 5542. It is clearly implied that a future estate may depend upon the contingency of the death of a person without heirs or issue, sec. 5547, and it is provided that expectant estates are descendible, devisable and alienable, in the same manner as estates in possession. How. Stat. § 5551.

These statutes have been construed, both in New York and this State, by careful and elaborate opinions, and they seem to settle beyond a peradventure that the estate of William A. Fitzhugh, nephew of the testatrix, was a vested, future, expectant estate, subject only to the contingency of the death of the granddaughter leaving issue, and that such estate was devisable: *Goodell v. Hibbard*, 32 Mich. 47; *Lawrence v. Bayard*, 7 Paige, 70; *Leslie v. Marshall*, 31 Barb. 560–4; *Moore v. Littel*, 41 N. Y. 66; and see especially the discussion upon the statutes, pp. 75, 84, 86.; *Hennessy v. Patterson*, 85 N. Y. 91, 103; *Nellis v. Nellis*, 99 N. Y. 505; *Toner, Executor v. Collins*, 67 Ia. 369; Redfield on Wills, 390–9.

*Holmes & Collins* submitted a brief for Elizabeth S. Miller and other defendants; and *R. & J. D. Burns* and *Thomas C. Montgomery* for Mary E. Talman and other defendants.

MORSE, J. This is a bill filed by the complainant, as trustee of the last will and testament of Elizabeth P. Birney, to obtain a construction of the same.

The first twenty-two paragraphs of the will are devoted to the granting of particular legacies, and directions for their disposition. The will then proceeds as follows:

" *Twenty-third.* After payment of the foregoing legacies, and subject to the directions hereinbefore ordained, I will and direct that my trustee, hereinafter named, shall take upon himself the sole management and control of all the rest and residue of my estate, real and personal, in trust, to manage the same, and receive the rents, issues, and profits thereof; and he shall apply so much of the income, thence arising, as in his judgment is necessary and proper for the suitable support, maintenance, and education of my granddaughter, Elizabeth Fitzhugh Birney, only child of my deceased son, Fitzhugh Birney; and I enjoin it upon him to afford her ample means to obtain a thorough and finished education, at the best *Protestant schools,* and to allow her a liberal maintenance and support during her minority.

"And I further will and ordain that when she becomes of age, the whole of the accumulated income and profits of my residuary estate be thereupon paid to her, and that all the income, thereafter accruing, shall thenceforth be paid to her semi-annually, during the rest of her natural life. I also will and ordain that she shall be entitled to the use, for her life, of all the articles of silver plate and household utensils hereinafter conditionally bequeathed; and if, at her decease, she leaves lawful issue surviving her, I devise and bequeath the whole of my said residuary estate to such issue.

" *Twenty-fourth.* In the event of the death of my granddaughter, Elizabeth Fitzhugh Birney, without lawful issue surviving her, I give and bequeath to my niece, Bessie Smith, daughter of my brother William, and to my niece, Lizzie Swift, daughter of my sister Isabella, each six large silver spoons, and to the last named of my two nieces aforesaid, my silver soup ladle; to Anna Burns, daughter of my sister, Mary Talman, and to her sister, Rebecca Talman, each six silver dessert spoons; to my niece Maria, wife of D. Carroll Fitzhugh, my dozen teaspoons, and my bell-metal preserving kettle, which belonged to my father's mother; to my nephew, Robert Fitzhugh, son of my brother Henry, the silver tea set given to me by my father, with the injunction that it be kept in the Fitzhugh name.

"And I further will and direct that all the rest, residue, and remainder of my property and estate, whatsoever and wheresoever, be equally divided among all my brothers and sisters, and the children of such of them as shall be no longer living, so that the children of each of the deceased shall take the share, to be equally divided among them, if there be more than one, to which the deceased parent would have been entitled if living."

The will, as completed by its codicil, was executed January 1, 1869. The testatrix died, January 12, 1869, and July 21, 1884, her granddaughter, Elizabeth Fitzhugh Birney, died without lawful issue surviving her.

At the time the will was made, and at the date of the death of the testatrix, some of her brothers and sisters were living, but others were dead; among them Samuel Fitzhugh, who had one son then living, to wit, William Addison Fitzhugh.

When the granddaughter of the testatrix, Elizabeth Fitz. hugh Birney, died, William Addison Fitzhugh was not living, having died without issue. He left a will devising, as it is claimed, his prospective and contingent share under this will of Elizabeth P. Birney, of which will of William Addison Fitzhugh the defendant John J. Townsend is executor.

There were in all, living and dead, with issue surviving, eleven brothers and sisters of Elizabeth Birney at the date of her will, and the defendant Townsend claims, as executor aforesaid, one-eleventh part of her estate. Had the father of William Addison Fitzhugh been living, at the time of the granddaughter's death, one-eleventh would have been his share. Had William Addison been living, his father being dead, it is conceded he would have taken, under the clear terms of the will, the same portion. Had William Addison Fitzhugh left a son living, it is conceded by the counsel for the complainant, and also for the defendant Townsend, that this son would have taken one-eleventh of the estate. And the court below decreed, that, in the cases where the children of a deceased brother or sister of the testatrix had died, leaving issue at the date of the granddaughter's death, (these, the grandchildren of the brothers or sisters of the testatrix) would take the share of their parents.

It is claimed by the complainant, as trustee of the will, and by the other defendants, except Townsend, who alone appeals, that William Addison Fitzhugh, not being alive at the time of the death of Elizabeth Fitzhugh Birney, this eleventh share claimed by his executor should be divided into ten shares, and distributed among the other heirs.

This is the only point in controversy. The court below decreed in accordance with this view of complainants.

The counsel for Townsend, contend, that William Addison Fitzhugh had, under the will of his aunt, such an interest in the estate devised by her that he could, by his last will and testament, transfer the same to his executor; that his interest was a contingent one, depending upon the death of Elizabeth Fitzhugh Birney without issue, subject to be defeated by her leaving such issue at her death, but subject to this contingency it was a vested estate; and that the title passed to him upon the death of the testatrix, and after that he could alienate or devise it the same as a present estate.

We think the intention of the testatrix should be given effect, if not clearly inconsistent with the provisions of the will itself, or a settled rule of law. It seems to us that her intention is most clearly expressed in this:

1. She intended to vest only a life-estate in her granddaughter.

2. If her granddaughter died with issue surviving her, the estate was to descend absolutely to such issue.

3. If the granddaughter died, as she did, without issue, the estate should be divided between her brothers and sisters living, and the children of those not living.

It is clear that she did not intend that any brother or sister, living when she made her will, but not living when her granddaughter died, should take any interest in her estate that they could dispose of, in the mean time, cutting off their children. The will expressly provides that the children of the dead shall take, which would have been impossible if their parents could have conveyed or devised away their contingent share.

Did she intend that any child of a deceased brother, like William Addison Fitzhugh, should take an interest greater

than his father could, had he been living when the will was made,—an interest that he could convey or devise away between the date of her will and the death of the grand-daughter? There is certainly no warrant for such a construction in the will itself. The clause, "so that the children of each shall take the share, to be equally divided among them, *if there be more than one*, to which the deceased parent would have been entitled, if living," is more in harmony with the idea that only the living children shall take.

It is not disputed by defendants' counsel, that, if the plain letter of the will had provided that William Addison Fitzhugh should take no interest in the estate, unless he was living at the time of the granddaughter's death, he could not have willed or assigned his contingent estate away, so that his devisee or assignee could have taken, if he had died before the granddaughter. In other words, he could not convey in any way a larger estate than he himself held.

Therefore, if the intent of the testator is the same as if it were so expressed, to be gathered from the terms of the will, it must be conceded that the defendant Townsend has no claim to any portion of this estate, as William Addison Fitzhugh's executor.

We think the manifest intent of the testatrix, by her will, was, that no estate should vest in any one, outside of her granddaughter and her issue, until the event of the grand-daughter's death; and that, in case she should die without issue, only the living brothers and sisters, and the living issue of the dead brothers and sisters, should inherit. We can find no intimation in the instrument that the testatrix meant to give William Addison Fitzhugh, or any other person, an estate capable of alienation or devise before the death of her grand-daughter.

On the contrary, the whole tenor of the will seems to be strongly against such a construction. Under its terms, her granddaughter (who, with her issue, were the especial objects of her bounty), could not alienate or devise the fee; and her issue took no estate unless they were living when the grand-daughter died. When the plain terms of this will would have

prevented a child of the granddaughter from disposing of any share of the estate unless such child should be living at her mother's death, it seems clear that the testatrix did not intend to give a nephew, who was only a collateral recipient of her bounty under the will, a greater estate than she gave her granddaughter, or the issue of such granddaughter.

It is not likely that the testatrix, who so carefully and specifically withheld from her granddaughter, and from the children of the granddaughter, and from her brothers and sisters, the power to dispose of, during the life of the grand-daughter, any interest in the property, intended to give this power to a nephew, who only inherited because his father was dead, and whose whole interest in the estate depended, at least, upon the contingency of the death of the granddaughter without issue surviving her.

It is doubtful if William Addison Fitzhugh intended to dispose of this contingent chance or interest in his aunt's estate by his last will and testament, under which defendant Townsend claims. He makes no mention of it, but simply devises all the estate of which he may "*die possessed.*" If he had supposed that he had taken the estate now claimed for him under his aunt's will, he would have been apt to have referred to such interest.

The plain intent of the will of Elizabeth P. Birney being, therefore, against the claim of defendant Townsend, it remains to be seen if there is any rule of law that prevents the carrying out of this intent of the testatrix.

We can find none. There was no vested estate until the death of the granddaughter. No interest passed to William Addison Fitzhugh by the terms of the will, except a contingent estate that perished with him, if he died before the granddaughter.

It was argued by the counsel for defendant, Townsend, that, under our statute, such an estate was descendible, devis-able and alienable in the same manner as estates in possession. Granted; yet it is equally true that William Addison Fitz-hugh could grant or devise no better or greater estate than he himself held; and any alienation or devise made by him

would be defeated and destroyed by the same contingency which would have defeated his interest had he not disposed of it.

The only effect of the statute is this: It enabled William Addison Fitzhugh, by his will or deed, to put another in his place, so that if the contingency arose by which William Addison would himself have taken had no transfer been made by him, then, in such case, the party standing in his place would take in his stead.

The estate taken by William Addison Fitzhugh was a contingent one, liable to be defeated by the happening of either one of two events, to wit, the death of the granddaughter, Elizabeth Fitzhugh Birney, with issue surviving her, or his own death before the decease of the said granddaughter.

The construction of the will by the court below was correct, and must be affirmed, with costs of this Court in favor of complainant against the defendant John J. Townsend.

The other Justices concurred.