### J. Q. MARTIN, ADMR. v. CINCINNATI TRACTION CO.

MOMENTARY FORGETFULNESS IN PLACE OF DANGER OF RISKS ASSUMED.

In an action for negligence for a street car conductor's death caused by his projecting his head beyond the line of his car, in response to his superior's warning, "look out," and in momentary forgetfulness of danger from a shed roof extending over the track, the absence of any averment that deceased did not know the dangerous condition of the place and there being evidence indicating that he must have known of it if he had exercised ordinary care, justify the trial court in taking the case from the jury on the ground of assumed risk.

ERROR to Hamilton common pleas court.

**C. L. Swain** and **T. L. Michie,** for plaintiff in error.

**Outcalt & Hickenlooper,** for defendant in error.

## GIFFEN, J.

The negligence charged in the petition is as follows:

"Said building or shed was negligently and carelessly constructed

and maintained by said defendant in this, that the roof of said building or shed was so negligently and carelessly constructed that said roof extended or projected over the building or shed to the danger of the lives of those who were ordered, and of the intestate, to take cars into the barn or car shops of the defendant over the tracks adjoining said building or shed, all of which was known to the defendant. That on said day while said building or shed was so maintained plaintiff's intestate was directed and ordered by the defendant to take, as a conductor, a disabled car to the Chester Park shops,  *  *  *   and while placing said car where directed by the defendant, and without fault or negligence on his part,  *  *  *   was crushed between a Cincinnati traction car and the extended or projecting roof.''

The testimony shows that the car would pass the projecting roof, and could be operated in safety by the employes, if they remained within the outer lines of the car; and that both the motorman and the deceased conductor were looking forward when the car barn boss, who was directing them where to place the car hallooed "look out," and "he put his head out."

The sudden call of the boss to "look out" seems to have been the only occasion for the conductor putting his head out beyond the line of the car. In his effort to obey the warning and ascertain the cause of it, he momentarily forgot the existence of the obstruction and looked out on the side of the car where the boss was standing on the running board. Under such circumstances he was not guilty of contributory negligence, nor was the conduct of the boss negligent; but if it was, there is no such charge in the petition.

It may be observed, however, that the conductor was probably dangerously near the obstruction when the warning was given, as there appears no other reason for it. In that event the question of contributory negligence would be one for the jury, but in neither event could the court determine the question as matter of law. If the negligence of the defendant in constructing the projecting roof be admitted (and we are not prepared to say that it would be), then the only ground upon which the court was justified in arresting the case from the jury was the assumed risk.

While the plaintiff avers in his petition that the defendant knew of the dangerous condition of the place where the work was done, he fails to aver that it was unknown to his intestate. The evidence also showed that it was obvious and must have been known to the intestate, if he exercised ordinary care. It appears therefore from the pleadings as well as the evidence that he assumed the risk. *Chicago & O. Coal & Car*

Martin v. Traction Co.

*Co.* v. *Norman,* 49 Ohio St. 598 [32 N. E. Rep. 857]; *Pennsylvania Co.* v. *McCurdy,* 66 Ohio St. 118 [63 N. E. Rep. 585].

The evidence of the plaintiff presented one of those unfortunate cases for which the law affords no relief, and the court properly instructed the jury to return a verdict for the defendant.

Judgment affirmed.

**Swing** and **Smith, JJ.,** concur.