**LANSDOWNE v LANSDOWNE et**

Ohio Appeals, 2nd Dist, Darke Co

No 456. Decided May 2, 1935

Murphy & Staley, Greenville, for the executor.

Wilbur D. Spidel, Dayton, and Allaman, Funkhouser & Murr, Dayton, for Mildred MacKinnon Jenkins, Gdn.

## OPINION

By HORNBECK, J.

The question presented to the court is to determine the meaning of the expression "and their legal representatives," as employed in Item II of the will under consideration.

It appears that Zachary Lansdowne, deceased, left a will, by the terms of which he devised and bequeathed all of his property to his widow, Mary Ross Lansdowne.

It is the claim of counsel for the plaintiff that the share of the testatrix's estate which Zachary Lansdowne would have taken had he lived passes, under the expression "and their legal representatives," to his personal representative; that is the executor or administrator of the estate of Zachary Lansdowne and should be administered as a part of his estate.

Counsel for opposing parties are in agreement as to the primary meaning of the expression "their legal representatives," but claim that the devolution of the share which was devised to Zachary Lansdowne is controlled by §10581 GC, which provides:

"When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative is dead at the time the will was made, or dies thereafter leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisees would have done if he had survived the testator."

Counsel have, with meticulous care, examined and cited the authorities on the proposition presented.

We are in accord with the construction that Item II of the will under consideration created an estate in fee simple to the named devisees, and that Zachary Lansdowne would have received such an estate had he lived and that "their legal representatives" are words of limitation and not of substitution, which construction is strengthened by the use of "and" instead of "or" preceding "their legal representatives."

Zachary Lansdowne, having pre-deceased the testatrix, ceased to have the capacity to take his estate, which, therefore, lapsed and passed to his children, under §10581 GC.

We cite Re: **Henry Hess Estate,** 20 O.C.C. 703; **Thompson v Odell,** 22 O.C.C. 200; **Norwood v Mills,** 1 O.N.P. 314, 69 C.J. 353-354-1051.

Judgment accordingly.

KUNKLE, PJ, and BARNES, J, concur.