MICHAEL PLANT, ADM'R OF CLARA BELLE STODDARD v. DAVID WEEKS, EX'R OF MAHALA STODDARD.

*Conditional devise—Claim for support.*

A mother left to her daughter, who was her sole heir-at-law, certain property which certain other persons were to take in case the daughter died childless in her minority, as she did.  *Held* that the devise to the daughter was conditional and therefore did not carry the same interest which she would have taken as heir-at-law, and that the estate never vested in the daughter.

A mother provided in her will for the support of her daughter, who died a minor.  *Held* that claims for care, nursing and medical attendance for the daughter were against the mother's estate, and the daughter's administrator had nothing to do with them.

Error to Macomb. Submitted June 14. Decided June 18.

APPEAL to the Circuit Court from an order assigning the residue of the estate of Mahala Stoddard, under her will. The appeal was brought by the administrator of her daughter, Clara Belle Stoddard. The order of the probate court was affirmed and the administrator brings error.

*Whipple & Voorheis* for plaintiff in error. Where a will gives only what the devisee would have taken without it, the estate is by inheritance or descent and not by devise or purchase, Wigram on Wills, 298; 4 Kent's Com., 507; *Barnitz v. Casey*, 7 Cr., 456; where a devisee is given the right to dispose of the estate, an indefeasable estate of inheritance passes to him and his heirs, and any gift over conditioned upon failure of issue is inoperative, *Jones v. Jones*, 25 Mich., 403; *Proctor v. Robinson*, 35 Mich., 294; *Ramsdell v. Ramsdell*, 21 Me., 288; *Hale v. Marsh*, 100 Mass., 468; *Gifford v. Choate*, id., 343; 2 Redf. on Wills, 255; *Exp. Turk*, 1 Bradf., 110; *Petty v. Moore*, 5 Sneed (Tenn.), 126; *Ide v. Ide*, 5 Mass., 500; *Burbank v. Whitney*, 24 Pick., 146; 2 Redf. Wills, 277–8; *Barnet v. Deturk*, 43 Penn. St., 92; *Kinter v. Jenks*, id., 445; *Kimball v. Sullivan*, 113 Mass., 345.

*R. P. Eldredge* and *M. E. Crofoot* and *W. T. Mitchell* for defendant in error. An executory devise is made where a fee simple devised to one person is determinable on some future event and the estate goes to another, 2 Washb. R. P., 683; a contingent remainder in fee may be created on a prior remainder in fee to take effect in case the person to whom the first remainder is limited dies a minor, or on any other contingency by which the estate of such person may be determined before he attains full age, Comp. L., § 4083; *Fowler v. Depau*, 26 Barb., 224, 232–3; a devise to others in case

the first devisee dies a minor without children is a valid devise, *Moffat v. Strong*, 10 Johns., 17; *Paterson v. Ellis*, 11 Wend., 259.

COOLEY, J. This case brings up for review an order of the circuit court for the county of Macomb affirming an order of the probate court, making final distribution of the estate of Mahala Stoddard. The question presented by the record arises upon the will of Mahala Stoddard, which is copied in the margin.* Mahala Stoddard died in 1870, and Clara Belle Stoddard was her sole heir at law. It is manifest from a reading of the will that she was also the principal object of her mother's testamentary bounty. She died, however, at the age of fifteen years, not having married, and plaintiff was appointed her administrator. He claims that the

---

*I, Mahala Stoddard of the town of Richmond, county of Macomb and State of Michigan, of the age of forty-seven years, and being of sound mind and memory, do make public and declare this my last will and testament in manner following, that is to say:

1st. I give and devise to my nephew Samuel D. Weeks, the sum of one hundred dollars, to be paid out of my personal estate.

2nd. I give and devise all the rest of my personal and real estate of whatever name and nature whatsoever to my daughter, Clara Belle Stoddard, her heirs and assigns forever, except in case my said daughter shall die during her minority and leave no child, then and in such case I give and devise my estate in manner following:

To my said nephew Samuel D. Weeks, I give and devise one-fourth of all my estate. The rest and residue to be divided into four equal parts, of which my brother David Weeks shall receive one part, my sister Sobrina Argo one part, and the children of my deceased sister Mary Robinson the remaining one-fourth part.

And I hereby dispose of and commit the tuition and custody of my daughter Clara Belle, for such time as she continues unmarried or under the age of twenty-one years to my friend Jane M. Kinney, and it is my request that she be appointed the guardian of my said daughter immediately after my decease; but if the said Jane M. Kinney shall die during the single life or nonage of my said daughter, then and in that case I commit the care and custody of her to my executor hereinafter appointed.

And it is my will and request that the board and tuition of my daughter and all necessary expenses attending her education, and care in sickness be paid from the income of my estate if the same shall be sufficient; if not, then so much of the principal as shall be adequate to such expenses.

And lastly I do hereby appoint my brother David Weeks to be the executor of this my last will and testament, hereby revoking all former wills by me made.

In witness whereof I have hereunto set my hand and seal this 3rd day of August, A. D., 1870.

MAHALA STODDARD.

gift to Clara Belle Stoddard was a gift of the same interest she would have taken as heir-at-law, and that consequently, on a familiar principle of the common law, she took on the death of her mother as heir-at-law and not as devisee. This being so, on her death, the property would pass to her heirs-at-law and next of kin, and not to the persons who, under the will of Mahala Stoddard, were to take in the event of Clara Belle dying unmarried before coming of age. In the probate court this claim was disallowed, and the property was assigned to Samuel D. Weeks, David Weeks, Jane Gibson, Sabrina Argo, and the children of Mary Robinson, with provision, however, that "before any actual distribution be made, that all proper charges and expenses for or on account of said Clara Belle Stoddard under the will aforesaid, be paid out of said estate."

The argument which has been made on behalf of the plaintiff in error has not satisfied us that there is any error in this order. Nothing seems to us plainer than that the testator did not intend to give to her daughter the same interest in her estate which the daughter would have taken as heir-at-law. What she did intend was, to make provision for the daughter's support and education, and then to give her the estate conditionally; that is to say, to give it to her in case she did not die during minority, leaving no child. The intent to make a gift of this conditional nature is so plain that no argument can make it plainer. And this of course is an end of the plaintiff's claim; for if the gift by will was conditional, it could not be a gift of the same interest which the daughter would have taken under the Statute of Descents, or under that and the Statute of Distributions. We think the title to neither the real nor the personal estate ever vested in Clara Belle, because by her death during minority and childless, the condition was never performed.

It is said, however, that there are unsatisfied claims for the care, nursing and medical attendance bestowed

upon and provided for Clara Belle in her lifetime, and that sufficient of the estate of her mother should have been assigned to the plaintiff in error to provide for these. But such claims were, under the will, claims against the estate of the mother, with which the plaintiff in error had nothing to do. The order relating to that subject was the proper one.

The judgment must be affirmed with costs.

The other Justices concurred.

