GEORGE B. ROOD ET AL. V. JENNIE HOVEY ET AL.

*Construction of will—Estate in remainder.*

A testator devised a life estate to his widow, remainder to his children "now living, or who may be at the time of her decease," to be equally divided. All his children survived him, but two died before the widow, and one left a widow and children. *Held*, that under the policy of Michigan statutes and decisions, the estate in remainder vested on the testator's decease, and that the heirs-at-law of the deceased son were entitled to the share of their ancestor.

The policy of Michigan statutes favors vested estates rather than those which are contingent.

Wills operate from the testator's death, and the estates devised therein vest at that time unless the will contains some provision to the contrary.

Appeal from Lenawee. (Steere, J.) Apr. 11.—Apr. 25.

BILL to construe will. Claimants appeal. Reversed.

*Bean & Underwood* for complainants. Words of survivorship in a will should be referred to the period for the payment or distribution of the gift: *Sinton v. Boyd* 19 Ohio St. 30 : 2 Am. 369 ; *Olney v. Hull* 21 Pick. 311 ; *Stires v. Van Rensselaer* 2 Brad. Sur. 172 ; if there is a previous life estate the period of division will be the death of the tenant for life, and it is to this period that the words of survivorship are referred : 2 Redf. on Wills 488–9 ; *Russell v. Long* 4 Ves. 551 ; *Daniell v. Daniell* 6 Ves. 297 ; *Jenour v. Jenour* 10 Ves. 562 ; *Dorville v. Wolff* 15 Sim. 510 ; *Davies v. Thorns* 3 De G. & Sm. 347 ; *Neathway v. Reed* 3 De G. M. & G. 18 ; *Carver v. Burgess* 18 Beav. 541 ; *Parrish v. Groomes* 1 Tenn. Ch. 581 ; *Beasley v. Jenkins* 2 Head (Tenn.) 191 ; the time of determining the survivorship will not always be deferred until the period of distribution, but only till the death of the member of the class, upon which event the survivorship takes effect : *Wilmot v. Flewitt* 11 Jur. (N. S.) 820 ; but the words of survivorship will be referred to the

period of distribution, unless there is a clear intention to
the contrary : 2 Redf. on Wills 379 ; *Young v. Robertson* 8
Jur. (N. S.) 825 ; *Newton v. Ayscough* 19 Ves. 534 ; *Hogh-
ton v. Whitgreave* 1 Jac. & W. 146 ; the word " child " or ,
" children," must be presumed to have been used in its
primary or natural sense, and this sense cannot be enlarged
to admit any person not coming within such primary mean-
ing, unless there be something upon the face of the will
clearly indicating such intent in the mind of the tes-
tator : 2 Redfield on Wills 18 ; *Cole v. Creyon* 1 Hill Ch.
311 : 26 Am. Dec. 208 ; all who are embraced in the class
to which a bequest is made, at the time the bequest takes
effect, will be allowed to take : 2 Redfield on Wills 10–11 :
*Eberts v. Eberts* 42 Mich. 404 ; *Campbell v. Rawdon* 18 N.
Y. 412 ; *Parrish v. Groomes* 1 Tenn. Ch. 581.

*Millard, Weaver & Weaver* and *E. H. Rhoades* for
defendants appellant.    The law favors vested estates ; and
a remainder is not to be construed as contingent, when it
can be consistently construed to be vested : *Dingley v. Ding-
ley* 5 Mass. 535 ; *Johnson v. Valentine* 4 Sandf. 43 ; *Moore
v. Lyons* 25 Wend. 119 ; *Hempstead v. Dickson* 20 Ill. 195 ;
*Mandlebaum v. McDonell* 29 Mich. 87 ; *Toms v. Wil-
liams* 41 Mich. 552 ; *Buzby's Appeal* 61 Penn. St. 111 ;
*Cropley v. Cooper* 19 Wall. 167, 176 ; *Poor v. Considine* 6
Wall. 458, 476 ; a will speaks from the testator's death, and
legacies then vest unless a contrary intent is clearly indi-
cated in the will : *Eberts v. Eberts* 42 Mich. 406 ; Comp.
L. §§ 4080, 4108 ; 2 Jarm. on Wills (5th ed.) 616 ; the law
favors that construction which makes a distribution as nearly
conformed to the general rules of inheritance as the lan-
guage of the will permits, and favors equities rather than
technicalities : *Letchworth's Appeal,* 30 Penn. St. 175 ; *John-
son v. Ballou* 28 Mich. 392 ; where the language of a will is
equivocal, leaving it in some doubt whether words of contin-
gency or condition apply to the gift itself, or to the time of
payment, courts are inclined to construe them rather as
applying to the time of payment, and to hold the gift as

vested and not contingent: *Eldridge v. Eldridge* 9 Cush. 516; *Dale v. White* 33 Conn. 296; *Tayloe v. Mosher* 29 Md. 443; *Linton v. Laycock* 33 Ohio St. 134; 2 Redf. on Wills. (2d ed.) 248; a devise to a class of persons vests in those who constitute the class at the death of the testator, (subject to open for those afterwards born) unless a contrary intent is clearly stated or necessarily inferred from particular language in the will: *Campbell v. Rawdon* 18 N. Y. 415; *Mowatt v. Carow* 7 Paige 340; *Morse v. Mason* 11 Allen 36; *Scott v. Logan* 23 Ark. 351; *Bannister v. Bull* 16 S. C. 220; where an intent has been once clearly expressed in a will, this clear intent should prevail, unless it is plainly controlled by what is subsequently said: *Ward v. Amory* 1 Curt. 424; *Roseboom v. Roseboom* 81 N. Y. 356; the devise to "my children now living," is distinct and clear; the addition of the words " *or* who may be at the time of her decease or marriage," is not sufficient to plainly limit the devise so as to disinherit an heir; an estate cannot vest and lapse from time to time : *Conrad v. Long* 33 Mich. 80 ; *Bankhead v. Carlisle* 1 Hill Ch. 357; the survivorship, where any of a class of legatees are then in being, is construed with reference to the death of the testator, when the legacy vests in interest in the children then living, but subject to open and let in after-born children, so as to give the representatives of the children dying after that time the right to an undivided share of the legacy : *Drayton v. Drayton* 1 Dessau. Eq. 324; *Martin v. Kirby* 11 Grat. 67; *Hansford v. Elliott* 9 Leigh 79; *Jones' Appeal* 48 Conn. 60–67; *Rand v. Butler* 48 Conn. 293; *Collier's Will* 40 Mo. 288; *Stones v. Heurtley* 1 Ves. Sen. 165; *Sealy v. Laurens* 1 Dessau. Eq. 137 ; the word " or " in the sentence " children now living, *or* who may be," can be construed to mean " and " only when the clear and manifest intent of the testator is promoted thereby : *Jackson v. Blanshan* 6 Johns. 54; *Ray v. Enslin* 2 Mass. 554; *Armstrong v. Moran* 1 Bradf. 315 ; *Jackson v. Kip* 2 Paine 366 ; *Crooke v. De Vandes* 9 Ves. 205; *Chrystie v. Phyfe* 19 N. Y. 350; an heir is not to be disinherited except by

*express words* or *necessary implication*: *Bender v. Dietrich* 7 W. & S. 284; *Van Kleeck v. Reformed Dutch Church* 6 Paige 600; *Scott v. Guernsey* 48 N. Y. 121; *Areson v. Areson* 3 Den. 461; *Wright v. Denn* 10 Wheat. 227; *Irwin v. Zane* 15 W. Va. 646; *Dunlap v. Ingram* 4 Jones Eq. 178; *Roosevelt v. Fulton* 7 Cow. 71; *Jackson v. Schauber* 7 Cow. 187; *French v. M'Ilhenny* 2 Binn. 20; a court of equity is always anxious to include all children in existence at the death of the testator: *Matchwick v. Cock* 3 Ves. 609; a devise to a nephew for life and afterwards to such male heirs as he has now or may have hereafter created a vested interest in all his sons living at the testator's death and a contingent interest in those born thereafter, to become vested at their birth during their father's life: *Conklin v. Conklin* 3 Sandf. Ch. 64; the interest of the children who are to receive the remainder after the principal devise, is a vested remainder: *Nodine v. Greenfield* 7 Paige 544; *Winslow v. Goodwin* 7 Met. 381; all vested estates are devisable and transmissible by descent even when liable to be defeated by the happening of conditions subsequent: *Pond v. Bergh* 10 Paige 140; where a devise is for life or widowhood, of the use of real and personal estate, and at the death of the first taker, then over, the person entitled in remainder takes a vested and transmissible interest: *Fay v. Sylvester* 2 Gray 171; *Barton v. Bigelow* 4 Gray 353; where provision is made for distribution of an estate among children upon the decease of testator's widow, and the children predecease the widow, the children take vested estates from the death of the testator, and in the event of their decease before the time of distribution, the share of such deceased child goes by will or to personal representatives or heirs: 2 Redf. on Wills 258, 259, 266, 267; *Throop v. Williams* 5 Conn. 98.

CAMPBELL, J. The controversy in this case turns on the question whether, under a will which created a life interest in lands, the remainder belonged to those children who were living at the death of the testator, or to those only who sur-

vived the life tenant. Defendants are the widow and heirs of one of testator's children who survived him, but who died during the life tenancy referred to.

The will of Lansing Rood was executed February 14th, 1859, and he died the following April. All of the children living when the will was made survived him, and he had no posthumous children. He left a widow, Rhoby Rood, and five sons,—Almond B., George R., Ralph M., Asher B., and Albert G. The widow lived until March 24, 1881, and never re-married. Almond B. died unmarried and without issue a few years after his father. Ralph Rood died in 1879, leaving a widow and child, who are defendants. The complainants are the other surviving sons.

The will in question, after disposing of the personal property, made the following disposition of the real estate :

"I do give and bequeath to my wife, Rhoby Rood, all my real estate, to be used and enjoyed by her as long as she shall remain my widow ; and immediately after her decease or marriage, I give and bequeath to my son Asher B. Rood, one hundred dollars, to be paid him out of my real estate.

I give and bequeath all the rest, residue, and remainder of my real and personal estate to my children now living, or who may be at the time of her decease or marriage, to be divided equally between them, share and share alike."

As there was no change in his family before his death there is no difficulty in determining who were meant by children " now living," and there was no child not then living. But two of the children then living afterwards died, and the question now raised is whether by their death their shares went to their heirs at law subject to the widow's tenure, or whether the estate in remainder was contingent and only finally vested in the three sons who survived the widow.

There can be no doubt that the policy of our statutes is to favor vested estates in preference to contingent, and that estates given to particular devisees shall always go to their heirs, unless a different purpose is apparent. The Legislature has endeavored in every possible way to prevent disinheritance of descendants unless required by the distinct pur-

pose expressed by the testator. Comp. L. §§ 4346, 4347, 4349.

It is also well settled that, unless an intention appears to the contrary, the will shall operate from the death of the testator, and estates vest at that time. *Toms v. Williams* 41 Mich. 552; *Eberts v. Eberts* 42 Mich. 404.

It is a further rule that needs no authority, that clear language which conforms to the general beneficial policy of the law should not be strained for purposes which are unjust and unreasonable.

We do not think it proper to go into any extended discussion of testamentary law, because we have not been able to discover the least ambiguity in the language of this will. It says as plainly as words can make it that all of his children then living shall share in his estate not otherwise disposed of; that is, in all but the widow's interest. 'If there had been no other words no one could dispute that their interest was vested. The remaining words " or who may be at the time of her decease " might very well apply to posthumous children, but the form of the expression is not such as to indicate an intent to qualify the former language as to living children. The charge on the estate in favor of his son Asher, who was no more likely to survive than the rest, is a slight indication in the same direction. There is nothing in the rest of the will favoring the idea that he had any purpose of disinheriting any of the offspring of his children. No amount of reasoning can throw much light on the meaning of the will. In our opinion the language used conforms to the general purposes of the law, and is best interpreted by the general rules before referred to. We think that Ralph Rood took a vested interest, and that defendants are entitled to succeed to it.

The decree below must be reversed and a decree rendered in favor of defendants, with costs of both courts.

The other Justices concurred.