Victor Rivenett and Theodore Rivenett v. George
Bourquin, Emma Bourquin and Victorie Labrosse.

*Wills—Survivorship—Construction of bequest.*

1. A woman willed her property to her four children equally and added
   that if either died before she did, her estate should be "divided
   among the survivors or their legal representatives, share and share
   alike." One of the four did die before the testator, leaving two
   children. *Held*, that they were entitled to the share of their mother.

2. Language creating rights should be construed according to its ordi-
   nary and commonly-accepted meaning if used by persons who are
   unacquainted with any different technical significance which it may
   have in law.

3. Such a construction of a will is favored in law as conforms the distri-
   bution thereunder, as nearly as the language will permit, to the gen-
   eral rule of inheritance, and regards equities rather than technical-
   ities.

4. Devisees who have kept their interest in the testator's personalty but
   have conveyed away their rights in the real estate, retain sufficient
   interest to entitle them to appeal from a construction of a will which
   disposes of both kinds of property.

Error to Wayne.   (Jennison, J.)   Jan. 11.—March 6.

Appeal in probate.   Appellants bring error.   Affirmed.

*Alex. T. Hurst* and *F. A. Baker* for appellants.   A de-
vise to children, and if any die before the testator, to the

survivors or their legal representatives, leaves nothing to descendants of deceased children : *Eberts v. Eberts* 42 Mich. 404; *Rood v. Hovey* 50 Mich. 395 ; *Porter v. Porter* id. 456.

*James H. Pound* for appellees. Where the testator gave the residue of her estate to certain persons, and if they should die in her life-time, then to their legal representatives, it was held that the next of kin was meant : *Bridge v. Abbot* 3 Bro. C. C. 224 ; *Smith v. Palmer* 7 Hare 225 ; *King v. Cleaveland* 26 Beav. 26 ; *Holloway v. Radcliffe* 23 id. 163 ; *Cotton v. Cotton* 2 Beav. 67 ; *Harrison v. Foreman* 5 Ves. 207 ; see *Winter v. Winter* 5 Hare 306 ; 2 Redf. Wills 45; *Edwards v. Symons* 6 Taunt. 213; *Coulthurst v. Carter* 15 Beav. 421 ; *Ive v. King* 16 Beav. 54 ; *Jarvis v. Pond* 9 Sim. 549; all intendments and doubtful constructions are to incline to what is recognized to be the natural heir : *Garcy v. Whittingham* 5 Beav. 268 ; *Locker v. Bradley* id. 593 ; *Stopford v. Chaworth* 8 id. 331; *Salisbury v. Petty* 3 Hare 393 ; and see *Smith v. Smith* 8 Sim. 353 ; *Giles v. Giles* id. 360 ; *Bond's appeal* 31 Conn. 183 ; *Minter's appeal* 40 Penn. St. 111 ; *Hauer v. Sheetz* 2 Binn. 545 ; *Maberly v. Strode* 3 Ves. 450 ; *Blisset v. Cranvell* 1 Salk. 226 ; *Garland v. Thomas* 1 B. & P. (N. S.) 82 ; *Haws v. Haws* 3 Atk. 524 ; *Russell v. Long* 4 Ves. Jr. 551 ; *Bindon v. Suffolk* 1 P. Wms. 96 ; *Rose v. Hill* 3 Burr. 1881 ; *Roebuck v. Dean* 2 Ves. Jr. 264 *Perry v. Woods* 3 Ves. Jr. 204 *a*; each word of a will is to be held to mean something if possible; 1 Redf. Wills. 403 ; a will must be construed as a whole and its provisions harmonized to give effect to the testator's evident intent: *Ireland v. Parmenter* 48 Mich. 631.

SHERWOOD, J. ┊ On the 15th day of July, 1858, Victorie Rivenett made her last will. She then had four children, two daughters and two sons, neither of whom was married.

After giving her wearing apparel and certain other personal property particularly specified to her daughters, in equal shares, she then bequeathed her real estate and all her other personal property to her four children, by name, " in equal proportions to each, share and share alike ;" and then added the following clause : " And in the event of either of my said sons or daughters dying before my death, then and in that case my said estate shall be divided among the

survivors, or their legal representatives, share and share alike."

The daughter Emma married Frederick Bourquin in 1860, and died in 1873, leaving two children, George and Emma Bourquin, as her only heirs at law. The testatrix died on the 6th day of December, 1881. The main question, under the will is, are Mrs. Bourquin's two children entitled, under the will of their grandmother, to the share their mother would have taken had she survived the testatrix?

The judge of probate for the county of Wayne decided that the two grandchildren were entitled under the will to the share bequeathed to their mother; and on appeal to the circuit court for the county of Wayne the decision of the probate court was affirmed. The case now comes before us on special findings of fact and of law by the circuit judge. How. Stat., § 5812, reads as follows:

"When a devise or legacy shall be made to any child or other relation of the testator, and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will, in the same manner as the devisee or legatee would have done, if he had survived the testator; unless a different disposition shall be made or directed by the will."

Under this section the intention of the law-making power is unmistakable. It is very clear that not only are lapsed legacies avoided in the cases mentioned in the statute, but its provisions necessarily settle the question made in this case in favor of the children of Mrs. Bourquin, unless by the clear and unequivocal language of the will a different interpretation is made to appear. If there is any reasonable doubt about the question, the statutory construction must prevail, and the judgments of the two courts already given should be sustained.

A large number of authorities might be here collated on either side of the question presented, but a review of the conflicting opinions would rather tend to confuse than elucidate the proper solution of the question, and could serve no useful purpose. The natural feeling of the testatrix towards

her grandchildren, as shown by the testimony, pretty well indicates what should be the proper construction of the clause of the will we are now considering. When important rights are created by the use of language conveying the intention of the parties, under the ordinary and commonly-accepted meaning of the same among persons not acquainted with its technical legal signification, that meaning should be applied in construing the instrument under which such rights are created. To do otherwise would be not to apply, but to pervert the law.

By the term "legal representatives" in this will was evidently meant the lawful heirs; a different construction is not claimed by either party. It is only in case of the death of one of the four children of the testatrix that she desired any of the property to go to "legal representatives" of any of her children. If the "legal representatives" intended are .confined to those of the survivors, as claimed by counsel for appellant, then the term has no meaning in the will, because survivors could have no *legal representatives*. A will must be so construed that each word means something, if possible, and this cannot be done unless the words "legal representatives" mean the legal heirs of Emma Bourquin, which will entitle her children to their mother's share (had she lived) in the estate of the testatrix; and this, I think, is the true construction of the will.

The following are some of the cases and authorities which may be consulted with interest upon the questions involved, as they are not free from doubt . 2 Redf. Wills 44, 45, 78, 79; *Johnson v. Johnson* 3 Hare 157; 1 Jarm. Wills 328; *Branson v. Hill* 31 Md. 190; *Moore v. Lyons* 25 Wend. 119; *Bridge v. Abbot* 3 Br. Ch. Cas. 224; *Smith v. Palmer* 7 Hare 225; *King v. Cleaveland* 26 Beav. 26; *Holloway v. Radcliffe* 23 Beav. 163; *King v. Cleaveland* 4 DeGex & J. 477; *Winter v. Winter* 5 Hare 306; *Edwards v. Symons* 6 Taunt. 213; *Garey v. Whittingham* 5 Beav. 268; *Locker v. Bradley* 5 Beav. 593; *Stopford v. Chaworth* 8 Beav. 331; *Salisbury v. Petty* 3 Hare 93; *Jarvis v. Pond* 9 Sim. 549; *Coulthurst v. Carter* 15 Beav. 421; *Ive v. King* 16 Beav. 54; *Baines v.*

*Ottey* 1 Mylne & K. 464; *Gray v. Garman* 2 Hare 268; *Smith v. Smith* 8 Sim. 353; *Harrison v. Foreman* 5 Ves. 207; *Cotton v. Cotton* 2 Beav. 67; *Bond's Appeal* 31 Conn. 183; Ram on Wills 96; *Gittings v. M'Dermott* 2 Mylne & K. 69; *Doe v. Wilkinson* 2 Term 209; *Doe v. Dring* 2 M. & S. 448; 2 Jarm. Wills. 742; *Bender v. Dietrick* 7 W. & S. 284; *Howard v. Amer. Peace Society* 49 Me. 288; *Areson v. Areson* 3 Den. 458; *Minter's Appeal* 40 Penn. St. 111; *Lessee of Hauer v. Sheetz* 2 Binn. 532; *Russell v. Long* 4 Ves. Jr. 551; *Roebuck v. Dean* 2 Ves. Jr. 265; *Fisher v. Hill* 7 Mass. 86; *Ballard v. Ballard* 18 Pick. 41; *Hooper v. Hooper* 9 Cush. 122; *Moore v. Weaver* 16 Gray 305; *Esty v. Clark* 101 Mass. 36; *Wimple v. Fonda* 2 Johns. 288.

The views here expressed are not in conflict with the decisions of this Court heretofore made. *Eberts v. Eberts* 42 Mich. 404; *Rood v. Hovey* 50 Mich. 395; *Porter v. Porter* 50 Mich. 456; *Ireland v. Parmenter* 48 Mich. 631; *Toms v. Williams* 41 Mich. 564; *Conrad v. Long* 33 Mich. 80.

The law favors that construction of a will which will make a distribution as nearly conformed to the general rule of inheritance as the language will permit; and favors equities rather than technicalities. *Letchworth's Appeal* 30 Penn. St. 175; *Johnson v. Ballou* 28 Mich. 392.

The findings in the case of what Mrs. Rivenett said after her daughter Emma died, as to the interest of the latter's children in her estate under the will, was supported by the evidence, which I think was admissible, and fully confirms the construction herein given to the clause in controversy. It is, however, upon the language of the will itself that the conclusion herein expressed is reached.

On the strength of certain conveyances an objection is raised on the part of appellees that appellants have no interest in the subject-matter of this litigation sufficient to enable them to appeal. It is not shown that they have conveyed away their interest in the personal estate of the testatrix. The objection on this point is not well taken.

I think the judgment of the circuit court affirming that

of the probate court fully sustained by the findings, and should be affirmed, with costs of both courts.

COOLEY, C. J. and CHAMPLIN, J. concurred.

· CAMPBELL, J. I do not think the statute applies to save any rights to the children of the deceased daughter, because, in my view, the will strictly confines the estate to the surviving children of testatrix.