GARMAN v. HAWLEY.

1. WILLS—VESTED INTERESTS.

   A clause in a will bequeathing to a son a one-third interest in testator's real estate, followed by a clause directing the executor to keep the real estate together until the youngest granddaughter should arrive at the age of 21 years, rendering the net proceeds to the devisees according to their shares, unless he should think it would be better for all the heirs to make an earlier division, and providing that, if any heir should die before the youngest granddaughter should arrive at the age of 21 years, leaving no child, then his share should be divided equally among the surviving heirs, does not give the son a vested interest.

2. SAME—INTEREST OF DEVISEE.

   A mortgage of his interest in real estate under such will by the son, who dies, without issue, before the youngest granddaughter arrives at the age of 21 years, cannot be foreclosed.

3. SAME—POWERS—MORTGAGE.

   The clause in the will providing that the executor should keep the real estate together, unless he should think it better to make an earlier division, does not empower him to direct or consent to a mortgage on the undivided interest of a devisee.

Appeal from Van Buren; Carr, J. Submitted January 9, 1903. (Docket No. 26.) Decided March 5, 1903.

Bill by Henry Garman against Harriett B. Hawley and others to foreclose a mortgage. From a decree for complainant, defendants appeal. Reversed.

*Thomas J. Cavanaugh*, for complainant.

*Lincoln H. Titus*, for defendants.

MONTGOMERY, J. This is a proceeding in equity to foreclose a mortgage upon an undivided one-third interest in land which constitutes a part of the estate left by Moses S. Hawley at the date of his decease. The mortgage was

132 Mich.—21.

executed after the decease of Moses S. Hawley by Miles G. Hawley, a legatee named in the decedent's will, and was also authorized by the executor named in the will. The provisions of the will which are material to the inquiry before us are as follows: After describing the testator's real estate, the will proceeds:

"I will and bequeath to my only son, Miles G. Hawley, one-third of the above-described real estate; one-third of said land to my daughter, Harriett B. Hawley; one-sixth to my granddaughter, Mary L. Stewart; and one-sixth to my granddaughter, Jane M. Stewart."

Here follow bequests of personal property, and the will then proceeds:

"It is my will, after the payment of my just debts, that the personal estate be divided, or sold, and the proceeds of the sale thereof be divided, between the foregoing heirs, as shall appear by this will to be their due, within one year from my decease.

"It is my will and wish that the said above-described real estate be kept together by the executor of this my last will and testament, and the net proceeds be rendered from time to time to said heirs according to their respective shares, until my youngest granddaughter, Mary L. Stewart, who is now fourteen years of age the 26th day of last September, A. D. 1892, shall become twenty-one years of age, when the whole may be divided, or sold and divided, between the said heirs, according to their respective shares, as herein designated.

"Unless matters should so shape that the executor of this will should think or thinks it would be better for all the heirs herein named to make an earlier division, then in that case it shall be the duty of the executor to see the division legally and properly done, and to see that each and every heir get their true share, according to the rendering of this will. (The expenses of production deducted.) If any of said heirs shall die before the youngest granddaughter shall become twenty-one years of age, leaving no child, then in that case his or her share be and become the property of the surviving heirs, and it is my will that it be divided equally among said surviving heirs."

Before Mary L. Stewart reached the age of 21 years, Miles G. Hawley died.

The questions presented are two: *First*, whether Miles G. Hawley took a vested interest in the real estate, not subject to be defeated by his death before Mary L. Stewart attained the age of 21; and, *second*, whether the authorization of the mortgage by the executor binds the surviving heirs. We think both these questions should be answered in the negative. The complainant's counsel, in contending that the estate vested in fee in Miles G. Hawley at the death of Moses S. Hawley, invokes the rule that the presumption is in favor of a vested estate, and the further rule that a grant over of an estate following a grant in fee is void for repugnancy. Conceding full force to these rules, neither presents a serious obstacle to the ascertainment of the testator's intent, nor to effectuating it. The first clause above quoted is not in terms a devise in fee. Whether it is to be so treated depends upon the remaining terms of the will. By these terms it is made clear that (except in a certain contingency) the testator designed that the estate should be kept together until the granddaughter attained the age of 21, the legatees being paid the income merely; and that, in the event of the death of any legatee before that date, the share which would otherwise go to such legatee should be divided among the others. It is clear that no fee simple was intended. No power of disposition is given, and a contingent remainder is created as to each aliquot part. True, a somewhat broad power is given to the executor, but we cannot find in this an intent to create a fee simple. While the question is one of construction, and is not ruled by exact precedent, cases having a bearing are *Fitzhugh* v. *Townsend*, 59 Mich. 427 (27 N. W. 561); *Plant* v. *Weeks*, 39 Mich. 117; *Matter of Cramer*, 170 N. Y. 271 (63 N. E. 279); *Glover* v. *Reid*, 80 Mich. 228 (45 N. W. 91). See, also, article by Prof. Thompson, Mich. Law Review, vol. 1, page 427.

As before stated, a somewhat broad power is given to the executor. Did it give him authority to direct or assent to a mortgage of Miles G. Hawley's interest, which should

extend to and cover a specific aliquot part of the real estate? Clearly not. The power was authorized only when the executor should think it best for all the heirs. And that power was a power of division, not a power to authorize incumbrances.

The decree will be reversed, and the bill dismissed, with costs of both courts.

The other Justices concurred.