*In re* PATTERSON'S ESTATE.

1. WILLS—CONSTRUCTION—INTENT.

A will should be so construed as to ascertain the intent of the testator, and so that every word will mean something, if possible, and also give force and vitality to all parts and all expressions therein.

2. SAME—VESTING OF ESTATES.

The law favors the vesting of estates at the earliest possible moment.

On character of remainder created by grant or devise for one for life, with remainder to his children who may survive him, see note in 25 L. R. A. (N. S.) 888.

3. SAME—REMAINDER OVER VESTED ON TESTATOR'S DEATH.
   Where testator willed all of his property to his widow
   "for her lifetime and at her decease the remainder over
   unto the surviving children," the remainder over vested
   on the death of the testator rather than on the death of
   the widow.

Error to Shiawassee; Collins (Joseph H.), J. Submitted April 23, 1924.    (Docket No. 113.)    Decided June 2, 1924.

Ivah Patterson-Wilson appealed from an order of distribution under the will of Andrew J. Patterson, deceased.    Judgment sustaining the order of the probate court.    She brings error.    Affirmed.

*Miner & Miner* (*Matthews & Hicks,* of counsel), for appellant.

*Pulver & Bush* and *Warren Pierpont,* for appellees.

SHARPE, J.    The last will and testament of Andrew J. Patterson, long a resident of Shiawassee county, executed on January 21, 1889, contained the following provision:

"I give, devise and bequeath to my beloved wife, Nancy A. Patterson, all of my estate, of which I may die possessed of whatever nature, real, personal and mixed, for her life time, and at her decease the remainder over unto the surviving children, the issue of myself and my said wife, Nancy A. Patterson, share and share alike.    My said wife to have the use and profits of my said estate, and if the same are not sufficient for her proper maintenance and support then she is to use of the principal estate sufficient for her proper maintenance and support."

At the time the will was executed, the testator had four children living, Charles J. Patterson, Arthur D. Patterson, Carrie A. Patterson (Terbush), and Fred R. Patterson.    Charles and Arthur died before the

testator, leaving no issue.    Carrie then had two children, Jay M. Terbush, Jr., and Rispah Terbush, while Fred had one child, Ivah Patterson.    Before the death of the widow, which occurred on February 6, 1923, both Carrie and Fred had died.    Carrie's two children were then living.    Fred's first wife, the mother of Ivah, had died.    He had remarried, and his widow, Carrie E., and a son, Frederick G., as well as Ivah, who had married a man named Wilson, survived him.

The question here presented is whether the remainder over after the termination of the life estate in the widow, Nancy, vested on the death of the testator, or on the death of Nancy.    If it vested on the death of the testator, then the widow of Frederick is entitled to her distributive share of his estate; if not, she has no interest therein.    The trial court, in a carefully prepared opinion, concluded that the remainder vested on the death of the testator.    Ivah Patterson-Wilson here reviews by writ of error the order of distribution made pursuant to such conclusion.    Carefully prepared and helpful briefs have been filed, and the case was ably presented on the hearing.

Counsel are not in dispute over the general rules by which we must be governed.    We must ascertain the intent of the testator if possible (*Kirsher* v. *Todd,* 195 Mich. 297) ; so construe the will that every word "means something, if possible" (*Rivenett* v. *Bourquin,* 53 Mich. 10), and give "force and vitality to all parts and all expressions in the will" (*In re Blodgett's Estate,* 197 Mich. 455).    Counsel for appellees also insist upon the application of the rule that "the law favors the vesting of estates at the earliest possible moment" (1 Schouler on Wills [6th Ed.], § 1258; *In re Shumway's Estate,* 194 Mich. 245, 254 [L. R. A. 1918A, 578]), and also strongly urge that the construction which this court has placed upon wills wherein similar language was used has become an

esta lished rule of property in this State and should not be disregarded.

Had not the words "at her decease" and "surviving" been inserted in the provision, it is clear that the remainder would have vested in Carrie and Fred at the death of the testator. We are of the opinion that the decisions of this court in *Rood* v. *Hovey,* 50 Mich. 395, and in *Porter* v. *Porter,* 50 Mich. 456, are conclusive as to the construction which we should place upon the provision in this will. In the *Porter Case,* after giving the widow an estate for life in all the property of the testator, the will provided:

"*On the decease* of my wife, Eliza G. Porter, I desire my property to be divided equally between my *surviving* children," etc.

Mr. Justice CAMPBELL, speaking for the court, said:

"We think, on the rules of construction which have always prevailed in this State, that immediately on George F. Porter's death his children took vested estates subject only to the life estate and other burdens imposed by law or by the will."

He further said:

"We can discover nothing in the will indicating any different intent, and we do not think the purposes of justice or the policy of the laws would be subserved by attempting to change this rule. Wills have been made in this region from a period when the concurrent views of most of the authorities from which we derive our analogies agreed on this interpretation. The statutes have been during that interval so changed as to further and not to destroy that interpretation. It can hardly be expected that all minds will concur in the same view as an original matter. Neither is it always safe to infer that local laws and policy may not account for many of the conflicts among courts. But it is generally true that terms are used in wills as they are used in other documents, with the meaning which has become generally accepted. It would be dangerous to act on any other presumption; and it would be dangerous and unjust to have fluctu-

ating rules. It is now and always has been proper and obligatory to give every will the meaning fairly to be deduced from its whole terms. The same words standing alone may have a different meaning than what should be given them when qualified or affected by other parts of the will. But there is nothing in this will to indicate any different meaning, and we do not think we are called on to change the law of the State. It is easy enough in drawing wills to fix the time of vesting beyond any peradventure. But local law and reason both, in our judgment, favor vested estates, and subserve justice. If the rule once established seems unreasonable to the legislature it is easily changed, and persons drawing wills are supposed to understand what they are doing, and those who act on their advice take no greater risks in these than in other cases."

In *Re Shumway's Estate, supra,* the will, after creating a life estate in the wife, provided that—

"after her decease I give, devise and bequeath all of said real estate to my legal heirs to be divided between them according to the provisions of the statute."

It was urged that, under this and other provisions of the will from which an intent might be ascertained, the estate in remainder did not vest until the death of the widow. It was, however, held that it vested on the death of the testator. An exhaustive opinion, in which the text-book law and the decisions of this and other courts are reviewed and discussed, was written by Mr. Justice BROOKE. We feel that we can add nothing to the reasoning employed by those Justices in reaching the conclusions stated.

We have not overlooked the claim of counsel for appellant that the use of the words "the surviving children" is expressive of the intent that the remainder should pass to the children surviving at the death of the widow. Similar language was used in *Porter* v. *Porter, supra.* We find no intent to apply any different rule of construction in the recent cases of *In re Blodgett's Estate, supra; Hadley* v. *Henderson,* 214

Mich. 157; and *Rozell* v. *Rozell*, 217 Mich. 324.    The many cases cited by counsel from other jurisdictions have been considered.    We think the rule has become one of property in this State, and that it should not be disturbed.

The judgment is affirmed, with costs against appellant.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.