STURGIS v. STURGIS.

1. WILLS—TITLE VESTS ON DEATH OF TESTATOR.
    In Michigan it is the rule that where a life estate is
    created by will, with remainder over, the title vests in
    the remaindermen subject to the life estate on the death
    of the testator rather than on the death of the life tenant.

2. SAME—TITLE VESTED IN REMAINDERMEN AT DEATH OF TESTATOR
    RATHER THAN AT DEATH OF LIFE TENANT.
    Where testator devised land to his son for his natural
    life and then to descend to the son's "male children if
    any shall survive him," the title, subject to the life estate,
    vested in the two sons of the life tenant living at testator's
    death, rather than in the only son surviving the life tenant,
    and therefore the heirs of the deceased son were entitled
    to his share on the death of the life tenant.

Appeal from St. Joseph; Johnson (Clayton C.), J. Submitted January 13, 1928. (Docket No. 8.) Decided February 14, 1928.

Bill by Frank G. Sturgis and others against James A. Sturgis and another for the construction of the last will of John Sturgis, deceased. From a decree for defendants, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*John S. Flanders,* for plaintiffs.

*Wesley L. Nutten,* for defendant Sturgis.

MCDONALD, J. This bill was filed for the construction of paragraphs six and eight of the will of John Sturgis, deceased.

Paragraph six is as follows:

"I give, devise and bequeath to my son, David Sturgis, all those parcels of land situate in the county

---

[1]Wills, 40 Cyc. p. 1675; [2]Id., 40 Cyc. p. 1675.

of St. Joseph, and State of Michigan and described as follows: * * * to have and to hold the same for and during his natural life and to descend to his male children, if any shall survive him, if not, then to his female children, and should none of his children survive him, then to descend to the children of my sons, John, Amos and Thomas, first to the males and second to the females."

Paragraph eight is as follows:

"I give, devise and bequeath to my sons William, John, George, David and Thomas all those certain parcels of land situate in the county of St. Joseph, and State of Michigan, and described as follows: * * * The said real estate to my said sons for life and to descend to their male heirs."

The testator died in 1872. David, the son named as life tenant in the two paragraphs of the will, was then living. David had two sons, Frank Sturgis and James A. Sturgis, both of whom were living at the time of the testator's death. Frank died in 1915, leaving as his heirs Anna Sturgis, his widow, and four children, who are the plaintiffs in this suit. David Sturgis, the life tenant, survived his son Frank, but died in 1922. James A. Sturgis, the other son, is still living and is the defendant in this suit. He claims to have succeeded to the entire estate as the sole surviving male child of the life tenant. His claim is right if the estate vested at the termination of the life tenancy rather than on the death of the testator. If the estate vested on the death of the testator, it became vested equally in Frank and James, who were then the sole male children of the life tenant, and on the death of Frank, in 1915, his interest passed to his heirs, the plaintiffs in this case. On the hearing, the circuit judge adopted the view that the estate did not vest until the termination of the life tenancy, and entered a decree affirming the defendant's claim in the entire estate. From this decree the plaintiffs have appealed.

The particular language of the will which has given rise to this controversy is as follows:

"To have and to hold the same for and during his natural life and to descend to his male children if any shall survive him, if not, then to his female children, and should none of his children survive him, then to descend to the children of my sons John, Amos and Thomas, first to the males and second to the females."

Counsel for the defendant argues that in using the words, "if any shall survive him," the testator intended that only the male children of the life tenant living at the time of his death should share in the estate; that therefore it could not vest until the termination of the life tenancy for only in the happening of that event could it be determined who, if any, survived. There is much force in counsel's argument. It finds support in many American jurisdictions, but it is not the construction adopted in this State. In *Porter* v. *Porter*, 50 Mich. 456, the will there under consideration gave the widow of the testator a life estate in all his property and provided for a disposition of the remainder as follows:

"On the decease of my wife, Eliza G. Porter, I desire my property to be divided equally between my surviving children," etc.

In construing the effect of the word "surviving," the court said:

"We think, on the rules of construction which have always prevailed in this State, that immediately on George F. Porter's death, his children took vested estates subject only to the life estate and other burdens imposed by law or by the will."

This construction was reaffirmed in the case of *In re Patterson's Estate*, 227 Mich. 486, in which Mr. Justice SHARPE, speaking for the court, said:

"We have not overlooked the claim of counsel for the appellant that the use of the words 'the surviving

children' is expressive of the intent that the remainder should pass to the children at the death of the widow. Similar language was used in *Porter* v. *Porter, supra.* We find no intent to apply any different rule of construction in the recent cases of *In re Blodgett's Estate,* 197 Mich. 455; *Hadley* v. *Henderson,* 214 Mich. 157, and *Rozell* v. *Rozell,* 217 Mich. 324. The many cases cited by counsel from other jurisdictions have been considered. We think the rule has become one of property in this State, and that it should not be disturbed."

Following, as we should, the ruling of this court in the case of *In re Patterson's Estate,* and the cases therein cited, we hold that when John Sturgis, the testator, died, the remainder over after the termination of the life tenancy immediately vested in James A. Sturgis and Frank Sturgis in equal shares, and that when Frank died his interest descended to his heirs, who are the plaintiffs in this suit. This construction applies to both paragraphs of the will.

The decree of the circuit court is reversed and one will be entered here in harmony with this opinion. The plaintiffs will have costs.

NORTH, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred. FLANNIGAN, C. J., did not sit.

The late Justice BIRD took no part in this decision.