LAMBERTSON v. CASE.

1. WILLS—LAW FAVORS VESTING AT EARLIEST POSSIBLE MOMENT.
    Where the construction of a will is necessary, the law favors the vesting of estates. at the earliest possible moment.

2. SAME—WHERE INTENT CLEAR CONSTRUCTION UNNECESSARY.
    Where, taking the will alone, and from its four corners, the intent of the testator is clearly apparent, resort to rules of construction is unnecessary.

3. SAME—ESTATE DEVISED TO NIECE IF LIVING AT DEATH OF LIFE TENANT DID NOT VEST IN NIECE WHO DIED BEFORE LIFE TENANT.
    Where testator devised an interest in land to his wife for life, and, at her death, to a niece, if living, and, if not, to testator's brother, the niece, who died before the wife, never became vested with the title, because the vesting was conditional and the condition was never performed, and, therefore, title did not pass to the niece's heir-at-law.

Appeal from Tuscola; Dingeman (Harry J.), J., presiding. Submitted October 3, 1928. (Docket No. 37, Calendar No. 33,941.) Decided December 4, 1928.

Bill by Martha A. Lambertson against Homer A. Case, trustee, for an accounting. Elmer J. Lambertson intervened as a party defendant and by cross-bill prayed for a construction of the last will of Hiram Lambertson, deceased. From a decree for defendants, plaintiff appeals. Affirmed.

*Hewitt & Brooker,* for plaintiff.

*Patterson & Patterson,* for defendants.

FELLOWS, J. This case involves the construction of the following paragraph of the will of Hiram Lambertson, deceased:

"I will and bequeath to my beloved wife, Jane Lambertson, the undivided one-half of the following piece or parcel of land (description), she to have the proceeds of the one-half of the farm for her own private use as long as she lives, and when she gets through with it it shall go to Norma Lambertson if she is living, if not to J. V. Lambertson, he to look after and have charge of her interest therein as long as he lives."

Hiram Lambertson left no children. His wife, Jane, survived him, and had the use of the property which was held by defendant Case, as trustee, until her death in 1921. John V. Lambertson, named in the will as "J. V. Lambertson," was a brother of Hiram, and they owned this land together. Norma Lambertson was a daughter of John V. She died in 1908; plaintiff is her mother, and, claiming that under the paragraph above quoted the prop-

erty vested in Norma on the death of testator, insists that it now belongs to her as heir-at-law of Norma. Defendants by cross-bills also sought construction of the will, insisting that the title did not vest in Norma at the death of Hiram, but, if it did, such title was subject to be divested by the happening of the event named, i. e., her death before that of the life tenant. From a decree sustaining defendants' contention, plaintiff appeals.

Plaintiff relies on that class of cases of which the following are illustrative: *Rood* v. *Hovey,* 50 Mich. 395; *Porter* v. *Porter,* 50 Mich. 456; *In re Patterson's Estate,* 227 Mich. 486; *Sturgis* v. *Sturgis,* 242 Mich. 52. These cases involved in the main devises or bequests to a class, and the words "survivor" or "surviving" were before the court for construction. Where construction is necessary, there are certain well-known rules of construction which of necessity are brought into play; one of these rules is that the law favors the vesting of estates at the earliest possible moment. In each of these cases this rule of construction is recognized, and correctly so. These cases are correctly decided. They establish a rule of property and we have no disposition to deviate from them. But we do not find that the instant case falls within that class of cases. This case belongs to that class of cases where, taking the will alone, and from its four corners, the intent of the testator is so clearly apparent that resort to rules of construction is unnecessary. One of the earlier of the cases of the class last referred to is *Plant* v. *Weeks,* 39 Mich. 117, and it is quite impossible to distinguish the will in the instant case from the one there involved and which there is found in the margin. Mr. Justice COOLEY, who there wrote for the court, said:

"The intent to make a gift of this conditional nature is so plain that no argument can make it plainer.

And this of course is an end of the plaintiff's claim; for if the gift by will was conditional, it could not be a gift of the same interest which the daughter would have taken under the statute of descents, or under that and the statute of distributions. We think the title to neither the real nor the personal estate ever vested in Clara Belle, because by her death during minority and childless, the condition was never performed."

See, also, *Fitzhugh* v. *Townsend,* 59 Mich. 427; *L'Etourneau* v. *Henquenet,* 89 Mich. 428 (28 Am. St. Rep. 310); *In re Lamb's Estate,* 122 Mich. 239; *Garman* v. *Hawley,* 132 Mich. 321; *Hunter* v. *Hunter,* 160 Mich. 218; *McInerny* v. *Haase,* 163 Mich. 364; *In re Blodgett's Estate,* 197 Mich. 455.

We agree with the conclusion reached by the trial court, and affirm the decree, with costs of this court.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.