### HUNTER *v.* HUNTER.

WILLS—DEVISES — EXECUTORS AND ADMINISTRATORS — CONSTRUCTION AND INTERPRETATION — INCOME AND PRINCIPAL — ESTATES OF DECEDENTS.

 Deceased provided by her will that the income of her estate be used to support, educate and maintain her children, and that each child, on reaching thirty years of age, be paid a third of the estate and an equal proportion of the share of any deceased child who might die without issue; the sole survivor at the time appointed for distribution to take the entire property if the others left no issue; it was provided that surviving children of any child should receive the parent's share in equal parts, which should be paid on their attaining majority, and that

the executors should, in the exercise of their discretion, pay over to any child at its attaining twenty-one years of age such portion of its share as they might deem proper. All of the children died before reaching the age of thirty. *Held,* that the son of the last surviving daughter, the other children having left no issue, took the entire estate under the will and her husband obtained no interest in the property, although she died after becoming twenty-one years of age, and that the intent of the testator was not to vest an absolute estate in any of her children who failed to reach the age of thirty years.

Appeal from Kalamazoo; Adams, J. Submitted January 13, 1910. (Docket No. 21.) Decided March 5, 1910.

Bill by John R. Hunter against William L. Hunter, guardian of Charles Bates Hunter, a minor, Benjamin A. Bush, and others, for a construction of the last will and testament of Elizabeth A. Bates, deceased. Defendant Bush and others filed an answer in the nature of a cross-bill for the correction of a probate order. From a decree dismissing the bill and cross-bill, complainant and cross-complainants appeal. Affirmed.

*A. M. & C. H. Stearns,* for complainant.

*N. H. Stewart,* for defendant Hunter.

*E. M. Irish,* for other defendants.

BLAIR, J. On the 27th day of November, 1878, Elizabeth A. Bates died, leaving a last will and testament containing, among other provisions, the following:

"*Third.* Out of the income of my said estate using the body of it only in case of necessity, my said executors are authorized and required to appropriate so much as may be necessary to the suitable maintenance and education of my said children and to support them until the bulk of my estate shall be ·divided among them as hereinafter directed.

" *Fourth.* My said executors are required to distribute and pay over to each of my said children, upon his or her

arriving at the age of thirty years, one-third part of what shall then remain of my said property, or in case of the death of any of my said children without issue living then my said property is to be divided among the survivors, or the whole shall be divided equally between such survivors and the issue of such child, if then deceased leaving living issue.   And if it shall happen that but one of my said children should live to the time when distribution is to take place, as herein directed, and the others should die without leaving issue, then the whole is to go to such survivor.   In case of distribution between my said children so surviving and the representatives of deceased children, such representatives shall receive the share that their parent would take if living and such share shall be paid proportionately to the said representatives on their arriving at the age of twenty-one.

"*Fifth.* My executors are, however, authorized, if in their discretion and sound judgment it should be prudent and for the interest of my said children to pay over to each or any of my said children after he or she shall have arrived at the age of twenty-one years, from time to time, as they shall deem proper, the share of my said property designated in the fourth article of this my will as intended for each of my said children, it being my intention to leave the determination of the prudence and propriety of anticipating the distribution of the shares of each of my several children before their arriving at the age of thirty to the discretion and judgment of my said executors in the light of the facts and circumstances as they shall then exist and as shall appear to them to be for the best interest of my said children and each of them.

"*Sixth.* In case it should happen that all of my said children should die before my said property should be distributed to them, as aforesaid, without leaving children living, then it is my desire that the property remaining in the hands of my executors should go to the lawful heirs of my late husband, Charles R. Bates, in such manner and proportion as the law provides in the case of intestate estates."

The children of Elizabeth A. Bates surviving her were George, Helen, and Mary; Mary being Mary Bates Hunter, the deceased wife of John R. Hunter, the complainant.   April 6, 1879, George Bates died, aged 19 years, without issue, never having married.   November 8, 1884,

Helen Bates died, aged 21 years, without issue, never having married. In 1891 Mary Bates Hunter married complainant. On July 8, 1895, Mary Bates Hunter died intestate, aged 27 years, leaving one child, Charles Bates Hunter, born March 18, 1892. Her husband, the complainant, also survives her. May 27, 1892, John R. Hunter, the complainant, was appointed administrator *de bonis non* with the will annexed of Elizabeth A. Bates. December 30, 1895, John R. Hunter was appointed administrator of the estate of Mary Bates Hunter. December 30, 1895, John R. Hunter was appointed guardian of Charles Bates Hunter. June 2, 1896, John R. Hunter, as guardian of Charles Bates Hunter, receipted to John R. Hunter (the same individual), administrator of Elizabeth A. Bates, for all the property belonging to her estate. October 19, 1896, John R. Hunter, as guardian of Charles Bates Hunter, receipted to John R. Hunter (again the same individual), administrator of Mary Bates Hunter, for one-half the property belonging to her estate; Mary Bates Hunter having left some property not connected with her mother's estate. January 2, 1896, the order of the probate court was made, which distributed all the property of Elizabeth A. Bates to Charles Bates Hunter. December 30, 1895, the defendant Benjamin A. Bush, and Heber C. Reed, now deceased, signed a bond for John R. Hunter, as guardian of Charles Bates Hunter, in the sum of $50,000. Some time later, the defendants Samuel Folz and Justin W. Woodworth signed a bond in the guardianship matter in the sum of $3,500 on sale of real estate. The will of Charles R. Bates, husband of Elizabeth A. Bates, simply left all his property to her as his wife. The estate that was so receipted for by John R. Hunter, as guardian of Charles Bates Hunter, was inventoried at upwards of $50,000. The property of John R. Hunter receipted for as guardian of Charles Bates Hunter included all the property which then belonged to the estate of Elizabeth A. Bates and one-half that of Mary Bates Hunter.

The bill in this case is filed to obtain a construction of the will and for the reformation of the order of the probate court of January 2, 1896, assigning the residue of the property of Elizabeth A. Bates to defendant Charles Bates Hunter, praying for a decree determining that the estate of said Elizabeth vested in Mary Bates Hunter prior to her death,—

"And that upon the death of said Mary B. Hunter, .your orator, as her surviving husband, was entitled to the undivided one-half of her personal estate, and that the order of the probate court made as to the distribution of the estate of Elizabeth A. Bates on the 2d day of January, A. D. 1896, be reformed and the mistake made therein corrected, so that your orator's right to a distributive share in one-half of the personal property of said estate may be recognized therein."

The bondsmen filed an answer in the nature of a cross-bill, setting up that when they signed the bonds they supposed that they were only becoming responsible for one-half the assets of the estate of said Mary Bates Hunter, and concluding as follows:

"All the defendants jointly state that the said complainant has never made any accounting in the probate court, and that they are unable to state what their liability upon said bonds is, but they have reason to believe that, unless the mistake in the probate orders are corrected, that the said complainant will not be able to account for all the property that appears to be in his hands as guardian, and on information and belief they state that he is financially irresponsible. They, therefore, pray as follows:
"(1) That said probate orders may be corrected in such manner as to relieve them as bondsmen from responsibility further than they would be responsible if said orders had been properly made.
"(2) That they may have such other and such further relief as may be agreeble to equity and good conscience."

A decree was entered dismissing the original bill and the cross-bill, and the complainants therein appeal to this court.

We think it clear that it was the intention of the testa-

trix, as manifested by the terms of her will, to give to the issue of any of her children the share which the parent would have received at the period of distribution, to be paid over to such issue on arriving at the age of 21; that, since Mary Bates Hunter would have taken the entire residue of the estate if she had lived to be 30 years of age, her son, Charles Bates Hunter, upon her death within that age, became entitled under the will to have the entire residue paid over to him on reaching the age of 21 years. We do not think there can reasonably be deduced from the terms of the will an intent to vest the property absolutely in any of the testatrix's children prior to their attaining the age of 30 years. Either the attainment of the required age was a condition precedent so that the vesting was postponed until the period of distribution, or survival to such period was a condition subsequent, so that the estate which had vested conditionally was divested by failure to satisfy the terms of the condition. In either event, the complainant would take no interest in the property.

The decree of the circuit court is affirmed, with costs to appellees.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.