ESTATE OF WILLIAM B. FIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43409. Promulgated March 25, 1931.

*Raymond H. Berry, Esq.*, and *Arthur R. Woods, Esq.*, for the petitioner.

*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The issue is whether or not any interest in the personal and real property listed as items 1 to 3, inclusive, and 6 to 56, inclusive, of Schedule G–1 of the Federal estate tax return passed to the estate of William B. Field upon his death. These items of property had belonged to Leonard H. Field, decedent's father, and were a part of his residuary estate. The personal property had not

been distributed by Leonard H. Field's estate at the time of the death of William B. Field. The question at issue is, therefore, to be determined by construction of the provisions of Leonard H. Field's last will and testament.

It is a cardinal canon in the construction of wills, which has been stated in varying phraseology by courts and text-writers, that the intent of the testator must prevail, provided it is not inconsistent with the rules of law. If such intent is expressed in clear and unambiguous language it is unnecessary to resort to technical rules of construction in order to give effect to the provisions of a testator's will. *Smith* v. *Bell*, 6 Pet. 68; *In re Blodgett's Estate*, 197 Mich. 455; 163 N. W. 907.

The terms and provisions of the last will and testament of Leonard H. Field are, in our opinion, clearly indicative of his intent. The will discloses that the testator had a considered and definite plan for the ultimate disposition of his property. He made absolute bequests of money to friends and relatives. He devised his homestead to his son, William B. Field. He directed his executor to set up a trust sufficient in amount to assure to his wife in every contingency an annual income of $5,000 during her life. He divided the residue of his estate among his children in equal shares, including in such residue the residuum of a trust created for the benefit of his wife, the shares bequeathed and devised to each of four of his children being subject to the provisions of paragraph eleven of the testator's will. For a reason not disclosed either by testator's will or by the evidence in the present proceeding, the testator directed that the share bequeathed and devised to the fifth child, namely Martel Field, should be held in trust in the event that that son had not reached the age of 35 years at the time of the distribution of the testator's estate.

In order to empower his executor to carry out properly the provisions of the will the testator conferred upon him "full power to sell, convey, lease, exchange or, in any manner that he may deem advisable, handle or dispose of any or all," of his estate in the same manner as the testator could so do if living. The will also discloses that the testator considered that his property, and especially his real property, was in such condition that no part of it should be sold by his executor hastily or inconsiderately. It is, therefore, apparent from the provisions of the will that the testator had in mind when executing his will that a very considerable period of time might elapse after his death before "the final residuum" of his estate would be available for his legatees and devisees.

Under the conditions shown by the will it would be neither unnatural nor unusual for the testator to desire to postpone until some

future time the absolute vesting of his residuary estate in the beneficiaries ultimately to be entitled thereto. And that it was the testator's intent so to postpone the absolute vesting of the residue of his estate is clearly shown, we think, by the provisions of paragraph 11 of his will, which is quoted in full in the findings of fact. This intent is expressed in that paragraph in clear and unambiguous language, and we are of the opinion that there can not be deduced reasonably from the terms of paragraph 11 or from the terms of the will as a whole any intent to vest absolutely an interest in the residuary estate or any part of it, either real or personal, in any of the testator's beneficiaries named in paragraph 11 until distribution of the " final residuum " of the estate. · Either survival to such time was a condition precedent to the absolute vesting in the decedent, William B. Field, of any interest in the residue of his father's estate, or else such survival was a condition subsequent so that the interest which had conditionally vested at the date of Leonard H. Field's death was divested by William B. Field's death prior to " distribution of the final residuum." And this would be true whether the residue of Leonard H. Field's estate consisted of personal property or of real property, or of both, at the time of his death. The law of the State of Michigan, which was the State of Leonard H. Field's residence, favors vested estates; but the law does not preclude the creation of interests in personal or real property which are contingent upon the happening of a future event, nor does it forbid the creation of vested interests in such property subject to being divested upon the happening of a future event. On the contrary, the law of the State of Michigan recognizes the right of a testator to create both defeasible and contingent interests in personal and real property. *L'Etourneau* v. *Henquenet*, 89 Mich. 428; 50 N. W. 1077; *Hunter* v. *Hunter*, 160 Mich. 218; 125 N. W. 71; *In re Blodgett's Estate, supra.*

Moreover, in our opinion it is unnecessary to determine whether William B. Field's interest in the residuum of his father's estate was a vested interest subject to being divested by his death prior to the " distribution of the final residuum " or whether it was an interest contingent upon his survival until such distribution. In either case, since William B. Field did not survive until the distribution of the " final residuum " of his father's estate, no interest in the items of the personal and real property now in question passed to William B. Field's estate. It follows that no part of the value of these items should be included in the gross estate of William B. Field for the purposes of the Federal taxation.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*